CHARLES SMITH v. THE CITY OF SAN ANTONIO.

A town or city ordinance which authorizes the Mayor to fine and imprison,
without a trial by jury, is in so far unconstitutional and void ; and it is no
answer to proceedings to set aside such summary conviction, that the accused
did not demand a trial by jury, but merely excepted to the jurisdiction of the
Mayor.

It would seem that a suit may be maintained in the District Court against a
City, to recover back a fine and costs imposed and collected by the Mayor
under an unconstitutional ordinance ; but perhaps this Court intended that
the District Court should either try the original case anew, or order a new
trial before the Mayor, with the right of trial by jury.

Appeal from Bexar.   Tried below before the  Hon. Thomas
J. Devine.

The petition of Smith, after stating the proceedings before
the Mayor, continued as follows :

The petitioner further says, that to avoid the necessity of
being imprisoned, this petitioner paid the said one hundred
dollars fine, under protest, all of which proceedings will more
fully appear by a copy of the record of said proceedings hereto
attached and marked exhibit " C" and made part hereof.

This petitioner further says, that said proceedings and said
judgment are contrary to the law of the land ; that said pre-
tended ordinance is contrary to the constitution and the law
of the land, therefore void ; that all of said proceedings and
said judgment are oppressive upon this petitioner and illegal,

and that said Mayor had no jurisdiction enabling him to carry on said proceedings or to pronounce said judgment, and that the same are null and void.

This petitioner prays that said city of San Antonio and the said James R. Sweet (the Mayor) be made parties to this suit, and that your Honor would grant your Honor's writ of *certiorari*, commanding the said Mayor to certify his said proceedings and judgment to this Court, and that a *supersedeas* to the execution of said judgment be granted, and that said Mayor be ordered to refund to this petioner the sum of one hundred dollars so paid, as aforesaid, and the costs paid by this petitioner and for general relief.

The exhibit attached to the petition marked " C" was admitted in evidence as the answer of James R. Sweet, Mayor, &c. This exhibit was the transcript of the proceedings before the Mayor.

The case was submitted to the Judge of the District Court without a jury, by consent. The matters before the Judge at the trial, were the transcript of the proceedings before the Mayor, the papers, and the ordinance.

The transcript of the proceedings before the Mayor contained an entry as follows : " Exception to jurisdiction filed." It showed the payment of the fine, but did not state that the defendant paid it under protest. The judgment of the Court was that the plaintiff take nothing by his suit, and that defendant recover all costs. Appeal by plaintiff.

*Hancock & West*, for appellant. I. The Mayor, as a Justice of the Peace, had no authority to try parties for keeping a faro bank. Where does he acquire his power ?

The Act of 1848 (Hart. Dig. Art. 1477) entrusts this power to the District Court.

Let the Common Council enact, as the charter allows them, ordinances for the good gavernment and improvement of the city. They have no power to pass Criminal Laws and then sit

in judgment the next day and imprison offenders against their ordinances. In this State the legislative and judicial power cannot and should not be vested in one person.

II. If he had the power to try it, the Constitution expressly says that where the penalty before a Justice is fine or imprisonment, the accused shall have a jury. (*Vide* Burns v. Town of LaGrange, this Term : Cons. Art. 4, Sec. 19.)

*I. A. & G. W. Paschal,* for appellee. If the object was to obtain a trial *de novo,* upon the *certiorari,* then there has been no such disposition of the cause as gives this Court jurisdiction, and the result must be to dismiss it. But if the main object was an original suit to recover back the hundred dollars, then there was no error in the finding, that the plaintiff take nothing, because, he showed no case.

The facts authorized the conviction. We don't see what to say about the case. We ask that the judgment be affirmed.

LIPSCOMB, J. This suit commenced in the Mayor's Court of the city of San Antonio, in which Court there was a judgment against appellant, for one hundred dollars and cost.; and in default of payment defendant was sentenced to be imprisoned for sixty days, for a breach of an ordinance of the Corporation. The appellant paid the one hundred dollars to avoid going to jail, and applied for and obtained a *certiorari* by which the case was taken to the District Court. In the District Court, a jury being waived, the Court affirmed the judgment of the Mayor's Court, and Smith appealed.

The ordinance under which the appellant was tried in the Mayor's Court, is as follows : " Be it ordained, that any per-"son owning or renting or occupying any property within the "limits of this city, who shall permit any gambling within their " premises, shall be liable to a fine of not less than ten dollars, " nor more than one hundred, for each and every offence ; and

" in default of payment of said fine, shall be imprisoned not
" less than twenty nor more than sixty days ; said fine to be
" recovered in a summary manner before the Mayor.

" That any person found betting or interested in any game
" of farro, monte or other game that comes within the gener-
" ally understood meaning of games of chance, shall be deemed
" equally guilty with the owner or occupier of the premises,
" and shall be subject to a like penalty."

The penalty, it is seen, is in the alternative; it may be satisfied
by the payment of the fine, or undergoing the imprisonment.
By the 19th Section of the 4th Art. of the Constitution it is
provided :  " In all cases where Justices of the Peace or other
" judicial officers of inferior tribunals shall have jurisdiction
" in the trial of causes, where the penalty for the violation of
" a law is fine or imprisonment, (except in cases of contempt)
" the accused shall have the right of the trial by jury."

Under this Section of the Constitution, we decided at the
present Term in the case of Burns v. The Town of LaGrange,
that the ordinance of the Town Council, imposing a fine with-
out a trial by jury, was unconstitutional and void. The dif-
ference between that case and this now before us is, that in that
the accused claimed the right of a trial by jury, in this the ac-
cused did not claim the right, but only protested against the
action of the Mayor. We have given due consideration to this
difference in the two cases, and we believe it ought not to
change our judgment, and make it different in the two cases ;
that as the ordinance under which the Mayor acted, gave him
no authority to impannel a jury, it would have been vain and
useless to have demanded it from him. The ordinance, so far
as it authorizes the Mayor to fine and imprison without giving
authority to impannel a jury, we regard as repugnant to the
Constitution and void. The District Court ought therefore to
have given judgment in favor of the accused.

We are fully impressed with the necessity of vigorous and
stringent laws for the suppression of gambling, a vice that as-

sociates with it, and drags in its train, almost every conceiva-
ble crime ; yet, as the guardians of the Constitutional rights
of the citizen, no matter what his crime may be, we cannot
permit any consideration of policy, for a moment to impair our
judgment.    The judgment of the District Court is reversed,
and the cause remanded to the District Court.

Reversed and remanded.